United States District Court
Southern District of Texas
**ENTERED**
June 04, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SERVANDO FRIAS SANCHEZ, | § § | CIVIL ACTION NUMBER 4:26-cv-03396 |
| Petitioner, | § | |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| RANDY TATE, *et al*, | § | |
| Respondents. | § | |

### ORDER ON DISMISSAL

Pending is a petition for writ of *habeas corpus* by Petitioner Servando Frias Sanchez under 28 USC §2241. Dkt 1. He acknowledges illegal entry into the United States at a prior date but nonetheless asserts that his present detention violates constitutional guarantees of due process and equal protection. Id at 4–13.

Prior order noted that the petition may raise only issues resolved by the Fifth Circuit's decision in *Buenrostro-Mendez v Bondi*, 166 F4th 494 (5th Cir 2026), and prior decisions by the undersigned. See Dkt 4 at 1–2. Even so, the Government was ordered to show cause with a filing establishing the propriety of Petitioner's continued detention. Id at 2.

Pending also is a motion by the Government for summary judgment. Dkt 5. It notes that the filing was late because it didn't receive notice until May 22nd. Id at 1. It maintains on the merits that no bond hearing is required because Petitioner is subject to mandatory detention under 8 USC §1225(b)(2)(A). Ibid. It further contends that Petitioner's claims fail on the merits. Id at 3–12.

Petitioner on reply further asserts his due process and equal protection claims, while also contending that his detention will likely extend longer than six months given his intention to pursue cancellation of removal and, if denied, an appeal to the Board of Immigration Appeals. See Dkt 7 at 3–8.

The Fifth Circuit has now issued a controlling decision in *Buenrostro-Mendez*. In sum, it holds that anyone present in the United States without legal admission is both an "applicant for admission" and deemed to be "seeking admission," and that all such persons are thus subject to mandatory detention under 8 USC §1225(b)(2)(A). See 166 F4th at 502–08.

The undersigned has also determined a number of other issues before and since the Fifth Circuit decided *Buenrostro-Mendez*. For example, see:

- o *Penafiel Clavijo v Thompson*, 2026 WL 923310 (SD Tex): Holding that procedural due process doesn't require an individualized custody determination beyond the mandate of 8 USC §1225(b)(2)(A).

- o *Herrera Estrada v Thompson,* 4:26-cv-01238 (SD Tex, Apr 27, 2026): Holding that pre-removal-order detention authorized by 8 USC §1225(b)(2)(A) doesn't violate due process while deportation proceedings are pending even when it exceeds the six-month period set out in *Zadvydas v Davis*, 533 US 678 (2001), as to post-removal-order detention.

- o *Llanes Carnesolta v Tate*, 2026 WL 948727 (SD Tex): Holding that disparate treatment between those detained under §1225(b)(2)(A) and §1226(a) doesn't violate equal protection.

- o *Guerra Hernandez v Frink*, 4:26-cv-01001 (SD Tex, Apr 21, 2026): Holding that Justice Kennedy's concurrence in *Demore v Kim*, 538 US 510 (2003), is not controlling authority under the *Marks* rule.

The arguments presented by Petitioner in the petition and reply raise only issues resolved to the contrary in the decisions cited above.

Petitioner thus hasn't established that his current detention violates either the Constitution or federal law.

The motion by the Government for summary judgment is GRANTED. Dkt 5.

The petition for writ of *habeas corpus* by Petitioner Servando Frias Sanchez is DENIED. Dkt 1.

This action is DISMISSED WITH PREJUDICE.

A final judgment will enter separately.

SO ORDERED.

Signed on ___June 04, 2026___ , at Houston, Texas.

_____

Honorable Charles Eskridge
United States District Judge

3